IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MOHAMMED SUBHANI,

    Plaintiff,

v.

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, an FDIC insured corporation, and DOES 1 through 100 inclusive,

    Defendants.

No. C 12-01857 WHA

**ORDER ON MOTION TO DISMISS**

## INTRODUCTION

In this action for unlawful and deceptive credit reporting practices, defendant JPMorgan Chase Bank, NA, moves to dismiss the second and fourth through ninth claims in plaintiff's complaint pursuant to FRCP 12(b)(6). For the reasons stated below, defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## STATEMENT

This dispute arises out of plaintiff's discontent with inaccurate information allegedly furnished to credit reporting agencies by defendant. The factual allegations in plaintiff's complaint include the following. In September 2009, plaintiff filed for Chapter 7 bankruptcy (Compl. ¶ 12). In January 2010, plaintiff was granted a discharge of all dischargeable debts, including a debt in the amount of $13,372.00, owed to defendant (Compl. at ¶¶ 14-15). Sometime in January 2010, defendant received electronic notice of the discharge (Compl. at

¶ 15). Despite receiving notice of the bankruptcy and the discharge, defendant continued to report delinquencies for payments owed on the balance of the $13,372.00 (Compl. at ¶ 16). Once plaintiff noticed that defendant was reporting delinquent payments on his account, plaintiff sent a letter to the credit reporting agency Experian in April 2011 disputing the delinquencies and requesting an investigation of his account (Compl. at ¶ 16). By June 2011 the inaccuracies in plaintiff's credit report had still not been corrected. The complaint also alleges that defendant continues to refuse to correct plaintiff's credit report despite having been provided with notice of the bankruptcy and the discharge (Compl. ¶ ¶ 17-18).

Plaintiff filed this action on March 15, 2012, in Contra Costa County Superior Court. Defendant removed the action to federal court on April 13, 2012. The complaint alleges violations of the Federal Fair Credit Reporting Act, the California Song-Beverly Credit Card Act of 1971, the California Consumer Credit Reporting Agencies Act, and the California Business and Professions Code. The complaint also alleges common law violations for libel, intentional infliction of emotional distress, negligent infliction of emotional distress, deceit, and constructive fraud. This order follows full briefing and oral argument on the motion.

## ANALYSIS

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

FRCP 9(b) requires that in all averments of fraud the circumstances constituting fraud must be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "Averments of fraud must be accompanied by 'the who, what,

2

when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). FRCP 9(b) serves to give a defendant notice of the specific fraudulent conduct against which it must defend. *See Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001).

### 1. THE FAIR CREDIT REPORTING ACT.

Congress enacted the FCRA in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Ant. v. Burr*, 551 U.S. 47 (2007). To ensure that credit reports are accurate, the FCRA imposes some duties on the persons, entities, and agencies that provide credit information to credit reporting agencies, called "furnishers" in the statute. Section 1681s-2 sets forth "[r]esponsibilities of furnishers of information to consumer reporting agencies," delineating two categories of responsibilities.

Section 1681s-2(a) of the FCRA prohibits a person from "furnish[ing] any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." A person who regularly reports information to consumer reporting agencies, such as defendant, is also required to give notice to those agencies of any incorrect or incomplete information, as well as notice of any information that is disputed by the consumer. 1681s-2(a)(2), (3). There is no private right of action for violations of Section 1681s-2(a). *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) ("Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies.") There is, however, a private right of action for negligent or willful noncompliance with Section 1681s-2(b), which requires "that a furnisher conduct a reasonable investigation of a consumer dispute" and "requires a creditor, upon receiving notice of [a] dispute, to both report the results of the investigation *and*, if the investigation finds that the information is incomplete or inaccurate, report those results to the [credit reporting agencies]." *Id.* at 1162 (emphasis in original) (quoting 1681s-2(b)(1)).

Plaintiff brings nine claims against defendant, all of which involve conduct relating to defendant's alleged failure as a "furnisher" to provide accurate information to credit reporting

3

agencies regarding the status of plaintiff's account with defendant. Defendant seeks to dismiss all of plaintiff's statutory and common law claims as preempted by the FCRA, save plaintiff's claims under the FCRA and the California Consumer Credit Reporting Agencies Act (CCRAA).

### 2. THE FCRA'S PREEMPTION PROVISIONS.

"The FCRA contains two preemption sections restricting state law claims that apply to persons who furnish information under the FCRA." *Woods v. Protection One Alarm Monitoring, Inc.*, Case No. 06-398, 2007 U.S. Dist. LEXIS 61664, 2007 WL 2391075, at *7 (E.D. Cal. Aug. 22, 2007). The first preemption provision, found at Section 1681h(e), provides in relevant part:

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any . . . person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.

By its plain terms, Section 1681h(e) "only preempts state claims for defamation, invasion of privacy and negligence and only to the extent such claims are based on the disclosure of certain types of information and are not based on malice or willful intent to injure." *Weseman v. Wells Fargo Home Mortg., Inc.*, Case No. 06-1338, 2008 U.S. Dist. LEXIS 14103, 2008 WL 542961, at *2 (D. Or. Feb. 22, 2008).

In 1996, Congress amended the FCRA to add another preemption provision. This provision provides that "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." 15 U.S.C. 1681t(b)(1)(F).

As our court of appeals has noted, "[a]ttempting to reconcile the two [preemption] sections has left district courts in disarray." *Gorman*, 584 F.3d at 1166. This disarray is owed to the fact that Section 1681h(e) appears to permit certain common law tort claims, while Section 1681t(b)(1)(F) appears to preempt altogether both statutory *and* common law claims. Although the *Gorman* court recognized the disarray created by the two preemption provisions, our court of appeals has not yet ruled on how the two should be reconciled. To date, the only

4

circuit courts to squarely address the issue have adopted a "total preemption" approach, ruling that Section 1681t(b)(1)(F) preempts both state statutory and common law causes of action in their entirety insofar as they are predicated on conduct that arises out of reports furnished to credit agencies. *See Purcell v. Bank of America*, 659 F.3d 622, 624-25 (7th Cir. 2011); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011). Both courts of appeal, relying on *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), reasoned that Congress' use of the word "laws" in Section 1681t(b)(1)(F) "comprises all sources of legal rules," noting that "[m]any modern decisions about preemption follow *Erie* and hold that a federal statute preempts state common law to the same extent as it preempts state statutory law." *Purcell*, 659 F.3d at 624-26. Both courts also found that the preemption provisions were compatible in that "the first-enacted statute preempts some state regulation of reports to credit agencies," and the second-enacted statute simply "preempts more." *Ibid.*

The total preemption approach does not, however, monopolize the interpretive field. At least two other approaches have been adopted by district courts around the nation. The first is known as the "temporal approach," which finds that Section 1681t(b)(1)(F) only preempts state law claims arising after the furnisher of information receives notice of the dispute, and claims arising before notice are governed by Section 1681h(e). No court in this circuit has adopted the temporal approach. The second is known as the "statutory approach," which finds that state statutory claims are preempted by Section 1681t(b)(1)(F), but common law claims are covered by Section 1681h(e). *See McCloud v. Homeside Lending*, 309 F.Supp.2d 1335, 1341 (N.D. Ala. 2004) (describing debate and collecting cases); *see also Spencer v. Nat'l City Mortg.*, Case No. 10-3532, 2011 U.S. Dist. LEXIS 146719, at \*13 (N.D. Ga. Aug. 11, 2011) (same).

Defendant asserts that despite the various interpretive approaches, the majority of district courts in this circuit have favored the "total preemption" approach, determining that Section 1681t(b)(1)(F) preempts all "state statutory and common law causes of action which fall within the conduct proscribed under Section 1681s-2." *See Woods v. Prot. One Alarm Monitoring, Inc.*, 628 F. Supp. 2d 1173 (E.D. Cal. 2007) (collecting cases); *Trout v. BMW of North America*, Case No. 04-1466, 2007 U.S. Dist. LEXIS 12000, 2007 WL 602230 (D. Nev.

5

Feb. 12, 2007); *see also Pacheco v. Citibank (SD), N.A.*, Case No. 07-01276, 2007 U.S. Dist. LEXIS 34821, 2007 WL 1241934, at *5-6 (N.D. Cal. Apr. 27, 2007) (White, J.); *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139 (N.D. Cal. 2005) (Illston, S.); *Davis v. Maryland Bank*, Case No. 00-4191, 2002 U.S. Dist. LEXIS 26468, 2002 WL 32713429, at *13 (N.D. Cal. June 19, 2002) (Armstrong, S.); *but see Quach v. Citimortgage, Inc.*, Case No. 09-05607, 2010 U.S. Dist. LEXIS 81995, 2010 WL 3211937, at *21-22 (N.D. Cal. Aug. 12, 2010) (Lloyd, H.) (criticizing *Davis* and rejecting total preemption approach). Plaintiff argues that pursuant to our court of appeals' decisions in *Gorman* and most recently in *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876 (9th Cir. 2010), state statutory and common law claims are preempted *only* if they impose additional duties on furnishers or are inconsistent with the FCRA (Pl. Br. at 10). In this court's view, defendant relies too little on *Gorman* and *Carvahlo*, while plaintiff relies too much.

In *Gorman*, our court of appeals recognized the potential tension between the FCRA's preemption provisions, but expressly declined to rule on how the provisions applied to a common law claim for libel. *See Gorman*, 584 F.3d at 1165-67 ("In the end, we need not decide this issue [because] even if [plaintiff] could bring a state law libel claim under [Section] 1681h(e), and such a claim were not preempted by [Section] 1681t(b)(1)(F), he has not introduced sufficient evidence to survive summary judgment on this claim."). While the court declined to address the preemption issue as it relates to common law claims, it did address the issue with respect to the plaintiff's statutory claim under Section 1785.25(a) of the CCRAA. The dispute centered on the fact that Section 1785.25(a) is expressly saved from preemption under the FCRA, but its private enforcement provisions are not. The court nonetheless held that the private right of action to enforce Section 1785.25(a) was not preempted by the FCRA because neither enforcement provision imposed a "requirement or prohibition" that would be preempted by the express terms of Section 1681t(b)(1)(F). *Gorman*, 584 F.3d at 1171. Instead, the court stated that "these sections merely provide a vehicle for private parties to enforce other sections, which do impose requirements and prohibitions." *Ibid.*; *see also Carvalho*, 629 F.3d at

6

888 (holding that Section 1785.25(f) claims were preempted by the FCRA because unlike Section 1785.25(a) claims, Section 1785.25(f) claims are not expressly saved from preemption).

In the wake of *Gorman*, at least two courts in this district have held that claims brought under California's UCL predicated on violations of Section 1785.25(a) were not preempted. *Bottoni v. Sallie Mae, Inc.*, Case No. 10-03602, 2011 U.S. Dist. LEXIS 18874, 2011 WL 635272, at *15 (N.D. Cal. Feb. 11, 2011) (Beeler, L.); *El-Aheidab*, 2012 U.S. Dist. LEXIS 19038, 2012 WL 506473, at *18 (N.D. Cal. Feb. 15, 2012) (Chen, E.). Both decisions reasoned that because claims brought under Section 1785.25(a) are not preempted by the FCRA, as determined by *Gorman*, that UCL claims based on Section 1785.25(a) were also not preempted because they did not create or impose any additional or inconsistent obligations.

Both decisions appear to be consistent with the guidance provided in *Gorman* regarding preemption of claims brought under Section 1785.25(a); however, neither dealt with UCL claims predicated on statutes *other than* Section 1785.25(a). While the reasoning of both decisions is sound within context, neither should be interpreted as broadly as plaintiff advocates, especially in light of the fact that our court of appeals has since cautioned that "*Gorman* holds only that the FCRA does not preempt section 1785.25(a) claims against furnishers." *Carvalho*, 629 F.3d at 889. Both *Bottoni* and *El-Aheidab* are thus instructive, but only in the context of claims brought under the UCL that are based on violations of Section 1785.25(a) of the CCRAA.

Indeed, the *Gorman* court observed, albeit in dicta, that Section 1681t(b)(1)(F) "appears to preempt all state law claims based on a creditor's responsibilities under Section 1681s-2," although the court noted that Section 1681h(e), "suggests that defamation claims can proceed against creditors as long as the plaintiff alleges falsity and malice." *Gorman*, 584 F.3d at 1026. The court thus implied that the FCRA preempts any state law violation that is based on conduct covered by Section 1681s-2. Relying on this implication, at least one court in this circuit has concluded that UCL claims are preempted insofar as they are predicated on conduct that is covered by Section 1681s-2. *Banga v. Allstate Ins. Co.*, Case No. 08-1518, 2010 U.S. Dist. LEXIS 31022, 2010 WL 1267841, at *14 (E.D. Cal. Mar. 31, 2010). This interpretation is also supported by the thoughtful discussion of the California Supreme Court in its recent decision in

7

*Brown v. Mortensen*, 51 Cal. 4th 1052 (2011), involving the interplay between the FCRA and California's HIPAA laws. The *Brown* court engaged in an extensive analysis of the legislative history of Section 1681t(b)(1)(F), doing so in the context of "the strong presumption against displacement of state law that applies in the preemption context." *Id.* at 1064. Ultimately, the *Brown* court concluded that "absent persuasive evidence Congress intended more expansive preemption, we must prefer the narrower reading of the scope of section 1681t(b)(1)(F)'s preemption clause, the reading that extends preemption only to state laws relating to furnisher accuracy or dispute resolution." *Ibid.*

As set forth below, almost all of plaintiff's claims for relief are based on state laws relating to activity covered by Section 1681s-2, that is, conduct relating to a furnisher's responsibilities to provide accurate information and conduct reasonable investigations following a dispute. Consistent with the guidance provided by our court of appeals, as well as by the Seventh and Second Circuits, and the California Supreme Court, these claims must be deemed preempted.

### A. Song-Beverly Act Claim (Claim Two).

The Song-Beverly Act is "designed to promote consumer protection." *Florez v. Linens 'N Things, Inc.*, 108 Cal. App. 4th 447, 450 (2003). Under the Song-Beverly Act a credit card issuer is prohibited from, among other things, communicating unfavorable credit information to a third party while a billing dispute is under investigation. *See Young v. Bank of America*, 141 Cal. App. 3d 108, 111 (1983). Plaintiff's complaint appears to allege a violation of Section 1747.70(a) of the Song-Beverly Act, which prohibits a card issuer from "knowingly giving any untrue credit information to any other person concerning a cardholder" (*see* Compl. ¶¶ 40-41).

Section 1747.70(a) of the Song-Beverly Act tracks the prohibitions under Section 1681s-2(a) of the FCRA, but as our court of appeals has found, Section 1681s-2(a) does not provide a private right of action. *Gorman*, 584 F.3d at 1154. Under plaintiff's reading of *Gorman*, his Song-Beverly Act claim should nonetheless be permitted because it does not impose inconsistent or additional duties on a defendant. As set forth above, this court is

8

unwilling to interpret *Gorman* so broadly. Plaintiff's Song-Beverly Act claim is based on allegations that defendant, despite having actual knowledge of plaintiff's bankruptcy petition, reported a debt owed by plaintiff as delinquent, and knowingly communicated this erroneous credit information to a credit reporting service. This claim involves both furnisher accuracy in submitting information to credit reporting agencies, as well as furnisher responsiveness in reacting to disputes, and is therefore covered by the preemptive scope of the FCRA. Moreover, during oral argument plaintiff's counsel urged this court to adopt the statutory approach, conceding that under that approach plaintiff's Song-Beverly Act claim should be dismissed. Thus, under either the statutory approach or the total preemption approach, plaintiff's Song-Beverly Act claim does not survive. Plaintiff's second claim for relief is therefore **DISMISSED**.

### B. Unfair Competition Law Claim (Claim Four).

"The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994). Thus, an unlawful business practices claim under Section 17200 "'borrows' violations of other laws and treats them as unlawful practices independently actionable under section 17200." *Ibid.* A defendant cannot therefore be liable under Section 17200 for committing unlawful business practices "without having violated another law." *Ingles v. Westwood One Broadcasting, Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005). Based on the allegations in the complaint, plaintiff's Section 17200 claim appears to be predicated on three underlying statutes: (i) violations of the FCRA; (ii) violations of the Song-Beverly Act; and (iii) violations of the CCRAA (Compl. ¶¶ 62, 64). Given that plaintiff's Song-Beverly Act claim is preempted, the only viable grounds for sustaining plaintiff's UCL claim are the FCRA and the CCRAA.

As noted above, defendant does not challenge plaintiff's first or third claims for violations of the FCRA or the CCRAA. Rather, defendant argues that plaintiff may not assert a violation of the UCL because the FCRA preempts this claim in its entirety, pointing to district court decisions that have held that the FCRA totally preempts UCL claims. *See, e.g.*, *Howard*,

9

1    371 F. Supp. 2d 1139.  During oral argument, however, defendant's counsel conceded that

2    claims brought under the UCL predicated on violations of Section 1785.25(a) of the CCRAA are

3    not preempted.  Thus, consistent with *Bottoni*, *El-Aheidab*, and *Carvahlo*, plaintiff's claim under

4    Section 17200 is **DISMISSED** except to the extent it is based on Section 1785.25(a) of the

5    CCRAA.

6            **C.**        **Claim for Libel (Claim Five).**

7            Plaintiff asserts a claim for defamation by libel under Section 45 of the California Civil

8    Code, alleging that defendant "allowed and continues to allow credit reporting agencies to report

9    that [he] currently owes money to [defendant] and is delinquent in not paying this alleged debt"

10   and that "this false and malicious publication was made in retaliation for Plaintiff filing a

11   Chapter 7 petition" (Compl. ¶¶ 67, 73).  "Libel is a false and unprivileged publication by writing

12   . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to

13   be shunned or avoided, or which has a tendency to injure him in his occupation."  Cal. Civ.

14   Code 45.  To survive a motion to dismiss on a defamation claim, a plaintiff must allege that a

15   defendant:  (1) intentionally published a statement of fact; (2) that is false; (3) unprivileged; and

16   (4) has a natural tendency to injure (libel per se) or causes special damages.  *Smith v.*

17   *Maldonado*, 72 Cal. App. 4th 637, 645-46 (1999).  Plaintiff must also allege and eventually

18   prove, pursuant to Section 1681(e) of the FCRA, "that the information was 'false' and 'furnished

19   with malice or willful intent to injure.'"  *Gorman*, 584 F.3d at 1028; *Steinmetz v. General Elec.*

20   *Co.*, 2009 U.S. Dist. LEXIS 59712, 2009 WL 2058792, at *5 (S.D. Cal. July 13, 2009) ("unless a

21   plaintiff alleges a defendant acted with 'malice or willful intent to injure,' a state law defamation

22   claim based on credit reporting activities is expressly preempted by the FCRA").

23           In actions dealing with credit reporting activities, at least some state law defamation

24   claims are preempted.  Under the FCRA, "[e]xcept as provided in sections 1681n and 1681o of

25   this title, no consumer may bring any action or proceeding in the nature of defamation . . . except

26   as to false information furnished with malice or willful intent to injure such consumer."

27   15 U.S.C. 1681h(e).  Thus, unless a plaintiff alleges a defendant acted with "malice or willful

28   intent to injure," a state law defamation claim based on credit reporting activities is expressly

10

1  preempted by the FCRA. Whether defamation claims are preempted even with allegations of
2  malice or willful intent to injure is an issue that, as noted above, has yet to be resolved by our
3  court of appeals. For the purposes of ruling on this motion, this order assumes without deciding
4  that a defamation claim premised on malice or willful intent is not preempted by the FCRA.
5  *See Gorman*, 584 F.3d at 1166 (". . . [Section] 1681h(e) suggests that defamation claims can
6  proceed against creditors as long as the plaintiff alleges falsity and malice.").

7  In ruling on the sufficiency of this state law claim, federal law pleading standards apply,
8  although the standard for dismissal in state court "is highly relevant." *Church of Scientology of*
9  *Calif. v. Flynn*, 744 F.2d 694, 696 n. 2 (9th Cir.1984). To satisfy the pleading requirements for
10 an actionable defamation claim, a plaintiff must offer more than conclusory, non-descriptive
11 phrases. Instead, plaintiff "must allege facts sufficient to support a claim that the defendant was
12 acting with reckless disregard for the truth." *McGarry v. Univ. of San Diego*, 154 Cal. App. 4th
13 97, 114 (2007). In addition, while a plaintiff need not plead the allegedly defamatory statement
14 verbatim, the specifics and the substance of the allegedly defamatory statement must be
15 identified. *See Okun v. Superior Court*, 29 Cal. 3d 442, 458 (1981) (citations omitted); *Silicon*
16 *Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1314 (N.D. Cal. 1997).

17 Plaintiff's complaint does allege false statements of fact were intentionally
18 communicated to credit reporting agencies about the status of his account with defendant.
19 Plaintiff also alleges that the general substance of the false statements, claiming that the reports
20 defendant submitted to the credit reporting agencies "stated delinquency in payment, indicated
21 incapability of paying debts, [and] indicated a credit risk . . ." (Compl. ¶ 70). Plaintiff therefore
22 has satisfied the requirements for the first and second elements listed above.

23 As to the remaining third and fourth elements, plaintiff's allegations are too conclusory
24 to survive defendant's motion. With regard specifically to the fourth element, which deals
25 with the defamatory or harmful nature of the statements, plaintiff has missed the mark.
26 "Defamatory language not libelous on its face is not actionable unless the plaintiff alleges and
27 proves that he has suffered special damage as a result thereof." Cal. Civ. Code 45a. Thus,
28 unless a statement is defamatory per se, a plaintiff must plead special damages. Plaintiff alleges

11

in conclusory fashion that the questioned statements were "libelous on their face" because they "clearly exposed Plaintiff to ridicule and obloquy" (Compl. ¶ 70). But where words or other matters that are the subject of a defamation action are of ambiguous meaning, or are innocent on their face and defamatory only in the light of extrinsic circumstances, a plaintiff must plead and prove that as used, the words had a particular meaning, or "innuendo," that makes them defamatory. *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645-46 (1999). This includes the requirement that in an instance of ambiguous language — that is, where the language is susceptible to either a defamatory or innocent interpretation — the plaintiff must also allege the extrinsic circumstances which show that the third person reasonably understood it in its derogatory sense. *Ibid.* Whether a statement is reasonably susceptible to a defamatory interpretation is a question of law for the court. *MacLeod v. Tribune Publ'g Co.*, 52 Cal. 2d 536, 546 (1959).

Contrary to plaintiff's assertion, the "mere allegation of not paying debts is not defamatory per se." *Woods v. Protection One Alarm Monitoring, Inc.*, 628 F. Supp. 2d 1173, 1188 (E.D. Cal. 2007) (citing *Gautier v. Gen. Tel. Co.*, 234 Cal. App. 2d 302, 309 (1965)). Such statements may be defamatory where they lead one to conclude that a plaintiff's failure to pay his obligation stemmed from dishonest motives or an intent to defraud a creditor, or where a plaintiff's business interests are affected by his reputation for credit worthiness. *Ibid.* The statements allegedly published by defendant, stating a delinquency in payment and warning that plaintiff may be a credit risk, do not qualify as libel per se. In this situation, plaintiff was required to plead special damages, which he failed to do.

Moreover, plaintiff has failed to plead that defendant acted with the requisite malice. While plaintiff avers that defendant acted "with knowledge" and "reckless disregard for the truth of the matter constituting malice," these general and conclusory statements do not support a claim that defendant acted with "a state of mind arising from hatred or ill will toward the plaintiff" or with a reckless disregard for plaintiff's rights. *Woods*, 2007 U.S. Dist. LEXIS 61664, 2007 WL 2391075, at *14 (citing *Roemer v. Retail Credit Co.*, 44 Cal. App.3d 926, 936

1 (1975)).  Because plaintiff has failed to plead all the required elements, his claim for libel is
2 **DISMISSED**.

### D. Emotional Distress Claims (Claims Six and Seven).

The complaint pleads no additional facts with respect to plaintiff's claims for intentional infliction of emotional distress and negligent infliction of emotional distress.  Rather, these claims are based entirely on plaintiff's allegations that defendant reported inaccurate information to credit reporting agencies and failed to conduct a reasonable investigation once notified of the potential inaccuracies.  As discussed above, plaintiff's claims are preempted by the FCRA and subject to dismissal with prejudice to the extent they are based on conduct that falls within Section 1681s-2.  *See also Miller v. Bank of Am.*, Case No. 11-2588, 2012 U.S. Dist. LEXIS 34412, 2012 WL 871321 (S.D. Cal. Mar. 14, 2012).  Pursuant to the guidance provided by our court of appeals, plaintiff's counsel's argument during oral argument that plaintiff's emotional distress claims should survive so long as plaintiff pleads willfulness or malice is unpersuasive.  Given that plaintiff's complaint relies on defendant's inaccurate reporting and failure to investigate as the basis for his emotional distress claims, these claims are preempted and therefore **DISMISSED**.  Defendant's arguments regarding whether the elements of these claims were sufficiently pled need not be reached.

### E. Claim for Deceit (Claim Eight).

The elements of fraud, which gives rise to the tort action for deceit, are (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage.  *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003); *see also Hobart v. Hobart Estate Co.*, 26 Cal. 2d 412, 422 (1945).

Plaintiff's complaint alleges that defendant committed fraud because it attempted to "collect on a debt against the Plaintiff" when it had "no reasonable grounds for doing so" (Compl. ¶ 86).  Based on this allegation, it appears that plaintiff's claim for deceit is at least partially based on conduct other than defendant's inaccurate reporting and failure to investigate, in which case it may not be preempted by the FCRA.  Indeed, this factual allegation suggests

that the conduct underlying this claim is defendant's attempt to collect a debt that it knew had been discharged in bankruptcy. Nevertheless, claims based in fraud are required to be pled with specificity in accordance with FRCP 9(b), which plaintiff has failed to do. Plaintiff has not alleged any facts concerning what material, false representations were made to him by defendant that it knew to be untrue, or that those statements were made with an intent to induce plaintiff to act in reliance thereon, or that plaintiff reasonably believed defendant's statements to be true and that he did, in fact, rely upon them, resulting in damage. Accordingly, to the extent that plaintiff's claim for deceit is not preempted because it is based on conduct other than defendant's inaccurate reporting and failure to investigate, plaintiff's claim for deceit is nonetheless **DISMISSED** for failure to plead the elements of this claim with the requisite degree of particularity.

### F. Claim for Constructive Fraud (Claim Nine).

The elements of a constructive fraud claim are: (1) a fiduciary or confidential relationship; (2) nondisclosure; (3) intent to deceive; and (4) reliance and resulting injury (*i.e.*, causation). Cal. Civ. Code 1573; *Younan v. Equifax Inc.*, 111 Cal. App. 3d 498, 516 n.14 (1980). Beyond being preempted, this claim fails because plaintiff does not allege a fiduciary or confidential relationship between him and defendant. In fact, plaintiff does not allege that defendant owed him any duty whatsoever, and, "absent special circumstances, a loan does not establish a fiduciary relationship between a commercial bank and its debtor." *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 741 (2010). No facts establishing a fiduciary or confidential relationship between plaintiff and defendant are pled. Defendant's motion to dismiss plaintiff's ninth claim for relief is therefore **GRANTED** and the claim **DISMISSED**. Defendant's arguments regarding whether the elements of this claim were sufficiently pled pursuant to FRCP 9(b) need not be reached.

### CONCLUSION

For the reasons stated, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The claims asserted for violation of the California Song-Beverly Credit Card Act of 1971, libel,

intentional infliction of emotional distress, negligent infliction of emotional distress, deceit and constructive fraud are wholly **DISMISSED**.

\*          \*          \*

Plaintiff may seek leave to amend the complaint and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion. The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein. Plaintiff is reminded that for claims alleging fraud, malice or deceit, plaintiff is required to plead "the who, what, when, where, and how" of any misconduct alleged. If no such motion is timely filed, the answer shall be due **FOURTEEN CALENDAR DAYS** after the deadline to move.

**IT IS SO ORDERED.**

Dated: June 1, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE